OPINION
{¶ 1} Charles Ellis is appealing the judgment of the Greene County Court of Common Pleas juvenile division that found him guilty of assault, menacing, and aggravated trespassing.
 {¶ 2} On December 2, 2001, Ellis and several other individuals went to the home of Louvenia Lowe in Fairborn, Greene County, Ohio. The individuals approached the residence to speak with Lowe regarding her son. The group alleged that Lowe's son had attempted to sell marijuana to several young girls, including Ellis's younger sister. Lowe became agitated by this confrontation and began cussing at the group, denying their allegations. Ellis then told Lowe to stop cussing at his sister. Lowe and Ellis exchanged words and Ellis "cocked" back his hand to strike Lowe. Ellis admits that he "cocked" his hand back and stated that he had intended to "mug" Lowe. Ellis explained that "to mug" an individual is to push his head backwards with the palm of your hand.
 {¶ 3} Lowe testified that she had raised her arm over her head to protect herself. Lowe further stated that Ellis had struck her arm and she and Ellis had fallen backwards into the bushes. Ellis testified that another person in the group had pushed him to the side and that he had not touched Lowe. Lowe's boyfriend, George Golden, came out of her residence when he heard the noise. Golden testified that he had jumped on Ellis's back when Ellis had "ran up to [Lowe] to hit her." Ellis and the other individuals, who had come with him, then left Lowe's residence.
 {¶ 4} Lowe called the police to report the incident. Officer Jim Hardman responded to Lowe's home to investigate. While the officer was inside Lowe's home talking to Lowe and Golden, the officer heard a voice yell, "mother fucker" from outside. Officer Hardman went outside and found Ellis in the yard. The officer approached Ellis and asked him why he was there and yelling. Ellis responded that he had lost his earring when he was there earlier and that he had returned to look for it. The officer asked Ellis what had transpired when he had been at Lowe's residence earlier in the evening. Ellis stated that he had come to Lowe's residence because her son had attempted to sell marijuana to some young girls in the area, including his sister. Ellis admitted to the officer that he had started to "mug" Lowe in the face but stated that a friend of his had stopped him from swinging at her. Further, the officer testified that Ellis had stated that if his friend had not stopped him he would have "whipped her ass." The officer testified that Ellis had proceeded to state that he would "take care of that guy and whip his ass," indicating Golden. The officer then arrested Ellis for assault and menacing.
 {¶ 5} On December 3, 2001, a three count complaint was filed in the Greene County Court of Common Pleas juvenile division citing Ellis with assault, a first degree misdemeanor; menacing, a fourth degree misdemeanor; and aggravated trespass, a first degree misdemeanor. A hearing was held on February 19, 2002 in which Lowe, Golden, Ellis, and Officer Hardman testified. At the conclusion of the hearing, the court found Ellis delinquent of the three counts. On March 1, 2002, the court imposed Ellis's previously suspended commitment to the Ohio Department of Youth Services for felonious assault. Ellis has now filed this appeal from the judgment.
 {¶ 6} Ellis raises the following assignments of error:
 {¶ 7} "I. The Trial Court Committed Reversible Error By Finding That The State Had Proved Beyond A Reasonable Doubt That Charles Ellis Was Guilty Of Menacing.
 {¶ 8} "II. The Trial Court Committed Reversible Error By Finding That The State Had Proved Beyond A Reasonable Doubt That Charles Ellis Was Guilty Of Aggravated Trespass.
 {¶ 9} "III. The Trial Court Committed Reversible Error By Finding That The State Proved Beyond A Reasonable Doubt That Charles Ellis Was Guilty Of Assault.
 {¶ 10} "IV. The Trial Court's Finding Of Guilt Regarding Each Charge Was Against The Manifest Weight Of The Evidence.
 {¶ 11} "V. The Trial Court Committed Reversible Error By Imposing The Suspended Commitment To The Department Of Youth Services."
 Appellant's first, second, and third assignments of error: {¶ 12} Ellis argues that the State presented insufficient evidence to support the trial court's determination of guilt for each of the three counts — assault, menacing, and aggravated trespass. We disagree.
 {¶ 13} In reviewing a challenge to the sufficiency of the evidence, we must determine whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found that the state had proven the essential elements of the crime beyond a reasonable doubt. See State v. Jenks (1991), 61 Ohio St.3d 259,273. An appellate court will not disturb the verdict unless the court finds that reasonable minds could not reach the conclusion reached by the trier of facts. Jackson v. Virginia (1979), 443 U.S. 307, 319.
 {¶ 14} First, we will address the trial court's finding of guilt on the charge of menacing.
 {¶ 15} Menacing is defined as "[n]o person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family." O.R.C. 2903.22(A).
 {¶ 16} At the hearing, Lowe testified that Ellis had stated that he was going to "get her" and kill Golden. Also, Golden testified that Ellis had threatened to kill him and Lowe. (Tr. 13). Golden explained that he had taken the threat seriously, putting himself on guard. (Tr. 19-20). Officer Hardman testified at the hearing that Ellis had pointed to Golden and had stated he "would take care of that guy and whip his ass." Moreover, Ellis testified that he had told the officer that "I was going to whip her ass and I'm going to whip his ass." This testimony, particularly Ellis's admission, amounts to substantial evidence from which a reasonable mind could determine that Ellis knowingly caused another to believe that he would cause physical harm to them.
 {¶ 17} Next, Ellis asserts that insufficient evidence was presented to support his finding of guilt on the charge of aggravated trespass. Aggravated trespass is defined as "[n]o person shall enter or remain on the land or premises of another with purpose to commit on that land or those premises a misdemeanor, the elements of which involve causing physical harm to another person or causing another person to believe that the offender will cause physical harm to him." O.R.C.2911.211(A). As mentioned above, Officer Hardman and Ellis's testimony offer evidence that Ellis returned to Lowe's property and while he was there made threats against Golden. Based on this evidence, we cannot say that a reasonable mind could not find Ellis guilty of aggravated trespassing.
 {¶ 18} Finally, Ellis argues the trial court's finding of guilt on the charge of assault was not supported by sufficient evidence. Assault is defined as "[n]o person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." O.R.C. 2903.13(A).
 {¶ 19} At the hearing, Lowe testified that on the night in question Ellis had accused her of cussing at his younger sister and then had "charged" at her to hit her. (Tr. 5). Lowe testified that she had thrown her arms up in order to protect her head from his swing. (Tr. 9). Lowe testified that Ellis had struck her arm when she had raised it to block his swing, which had resulted in a bruise to her arm. (Id.) Golden testified that he had observed the exchange between Lowe and Ellis from the front porch and that Ellis had drawn "his hand back up, [and] ran up to hit her." Officer Hardman testified that Ellis had stated that he had been at the Lowe residence earlier in the evening and had "attempted to mug Ms. Lowe in the face area." (Tr. 26). Finally, Ellis testified that during the incident he had cocked his fist back, telling Golden, "check your girl, somebody else is going to check her." (Tr. 33). Ellis continued on to explain that he had intended to "mug" Lowe, which he defined as grabbing her face and pushing it back. (Tr. 34). After reviewing this evidence, we cannot say that a rational trier of fact could not have determined that Ellis knowingly caused or attempted to cause physical harm to Lowe. Having reviewed the three charges of which Ellis was found guilty, we find that the trial court's findings were supported by sufficient evidence. Ellis's first, second, and third assignments of error are without merit and are overruled.
 Appellant's fourth assignment of error: {¶ 20} Ellis argues that the trial court's finding of guilty was against the manifest weight of the evidence. We disagree.
 {¶ 21} When a conviction is challenged on appeal as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387,1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." Martin, supra at 175.
 {¶ 22} We examined the evidence presented at the hearing against Ellis in the previous assignments of error. The trial court clearly determined that Officer Hardman, Lowe and Golden were more credible than Ellis and chose to believe their testimony. The trial court was in the best position to observe the witnesses and assess their credibility. After reviewing the evidence, we cannot say that the trial court lost its way and created a manifest miscarriage of justice. The judgment of the trial court is not against the manifest weight of the evidence. Ellis's fourth assignment of error is without merit and is overruled.
 Appellant's fifth assignment of error: {¶ 23} Ellis argues that if we find that the trial court erred in determining him guilty on any of the three counts then we should reverse the trial court's imposition of the suspended sentence that was based on the court's guilty determinations. We did not find that the trial court erred in finding Ellis guilty of the charges of menacing, aggravated trespass, or assault. As we upheld the trial court's findings, there is no basis for a reevaluation of Ellis's disposition. Ellis's fifth assignment of error is without merit and is overruled.
 {¶ 24} The judgment of the trial court is affirmed.
FAIN, P.J. and GRADY, J., concur.